**Tharon Bob HILL, Petitioner–Appellant,**

v.

**John RATELLE, Warden, Respondent–Appellee.**

No. 99–17699.

D.C. No. 97–00097–WBS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2001.

Decided Sept. 24, 2001.

Before SCHROEDER, Chief Judge, and LAY * and BOOCHEVER, Circuit Judges.

MEMORANDUM **

In 1988, Tharon B. Hill ("Hill") was convicted of conspiracy to commit first degree murder by explosive in California state court, and was sentenced to 25 years to life imprisonment. The California Court of Appeal affirmed Hill's conviction in *People v. Hill*, 3 Cal.App.4th 16, 4 Cal. Rptr.2d 258 (1992). The district court denied Hill's federal habeas petition. We granted Hill's request for a certificate of appealability regarding his assertion that he was prejudiced by jury misconduct when three members of the jury discussed the penalty he would receive if convicted, and one juror testified that she changed her vote to guilty as a result.

This habeas petition was filed after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), so that statute applies to this case. *See Van Tran v. Lindsey*, 212 F.3d 1143, 1148 (9th Cir.), *cert. denied*, 531 U.S. 944, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000). Because the parties are familiar with the facts, we do not discuss them in this disposition.

Juror misconduct is a mixed question of law and fact. *See Sassounian v. Roe*, 230 F.3d 1097, 1108 (9th Cir.2000) (as amended). Under AEDPA, this court may reverse a state court decision denying relief on a mixed question of law and fact only if the state decision is "contrary to, or involve[s] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). This court must first determine whether the state court erred, and then we may consider whether any error was contrary to or an unreasonable application of controlling federal law. *Van Tran*, 212 F.3d at 1155.

Hill argues that three jurors' discussion of possible penalties entitled him to a new trial. He characterizes the discussion as a violation of his Sixth Amendment right to confrontation, because the penalty discussion was "evidence" that was not introduced during the trial.

The state court of appeals rejected this argument. The court refused to consider evidence regarding the subjective reasoning processes of individual jurors under California Evidence Code § 1150, which does not allow evidence regarding the effect of events inside the jury room on a juror's verdict or mental processes. The court discussed the state rule's federal analog, Federal Rule of Evidence 606(b), which also disallows evidence of a juror's subjective reasoning processes. 4 Cal. Rptr.2d at 264–67; *see also Tanner v. United States*, 483 U.S. 107, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987) (discussing federal rule).

* The Honorable Donald L. Lay, Senior Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Assessing the admissible evidence, that is, the evidence of events and actions during the jury deliberations, the state court concluded that juror misconduct occurred when the three jurors contravened jury instructions by discussing possible penalties. 4 Cal.Rptr.2d at 268. The misconduct created a presumption of prejudice, which the government had the burden to rebut by showing that Hill was not prejudiced by the misconduct. The court stated that "regardless of evidence that one or more jurors changed their votes after receiving extrajudicial information, our concern is with the misconduct itself and whether it is inherently likely to have influenced a reasonable juror," 4 Cal.Rptr.2d at 269 (internal quotation marks omitted), and concluded that there was not a substantial likelihood that the verdict was influenced by the penalty discussions. *Id.* at 272.

Federal Rule of Evidence 606(b) is grounded in a long-standing "common-law rule against admission of jury testimony to impeach a verdict and the exception for juror testimony relating to extraneous influences." *Tanner,* 483 U.S. at 121, 107 S.Ct. 2739. Under the rule, a juror may not testify as to the effect of anything upon a juror's mental processes, but "a juror may testify on the question whether extraneous prejudicial information was improperly ... brought to bear upon any juror." Fed.R.Evid. 606(b). This court has held that "intrajury communications may constitute prejudicial extrinsic evidence sufficient to require a new trial." *United States v. Keating,* 147 F.3d 895, 902 (9th Cir.1998). The penalty statements in this case are within that category.

The state court refused to consider any evidence of the subjective effect the penalty statements had on the three jurors who testified to hearing the statements. This is correct under the federal rule. The admissible evidence was that three jurors heard from an unidentified source on the jury that Hill would get only six months for what he had done. The state court concluded that this did not require a new trial, because there was no "reasonable probability of actual harm to the complaining party resulting from the misconduct." 4 Cal.Rptr.2d at 269.

Our standard for nonharmless error in habeas cases is "whether the extrinsic information had a substantial and injurious effect or influence in determining the jury's verdict." *Sassounian,* 230 F.3d at 1108 (internal quotation marks omitted). This standard is equivalent to the California standard used by the state court in this case. *See Bains v. Cambra,* 204 F.3d 964, 971 n. 2 (9th Cir.), *cert. denied,* 531 U.S. 1037, 121 S.Ct. 627, 148 L.Ed.2d 536 (2000). To determine whether prejudice occurred from jury misconduct, we consider whether extrinsic material was received; the length of time it was available; the extent of jury discussion; whether the material preceded the verdict; and any other relevant matters bearing on whether there is a reasonable possibility that the material affected the verdict. *United States v. Saya,* 247 F.3d 929, 937 (9th Cir.2001) (as amended).

In this case, the evidence does not establish that the misconduct was prejudicial. Three jurors testified that they received the extraneous material (the purported penalty); it is not clear how long the information was available; and the extent to which it was discussed was small. The penalty discussion did occur before the verdict was reached, at some time during the two days between the last written and verbal votes. Nevertheless, the nature of the information does not create a reasonable possibility that the material affected the verdict. The penalty information was not rele-

vant to the question of Hill's guilt, as it did not add to the evidence against him or relate to any issues before the jury. *See Jeffries v. Wood,* 114 F.3d 1484, 1490 (9th Cir.1997) (en banc) ("the appropriate focus should be on the nature of the information itself"), *overruled on other grounds by Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

We conclude that the state court did not err in concluding that the juror misconduct was harmless error. Because the state court did not err, we need not consider whether its decision was contrary to federal law or involved an unreasonable application of clearly established federal law. *See Van Tran,* 212 F.3d at 1155.

AFFIRMED.